# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NUMBER: 8:16-cr-41-T-24AEP<br>USM NUMBER: 66678-018 |
| SHANAKIA BENTON | Defendant's Attorney: Adam Joseph Nate, AFPD |

THE DEFENDANT:

__X__ pleaded **Guilty** to Counts Four and Six of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 42 U.S.C. § 1320d-6(a)(2) and (b)(3) | Wrongful disclosure of individual identifiable health information | 12/31/2012 | Four |
| 18 U.S.C. § 1343 | Wire fraud | 12/31/2012 | Six |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts One, Two, Three, and Five of the Indictment are dismissed in accord with the plea agreement.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: August 3, 2016

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE
DATE: August 3rd, 2016

Defendant: SHANAKIA BENTON
Case No.: 8:16-cr-41-T-24AEP

Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **THIRTY-SEVEN (37) MONTHS.** This term consists of terms of thirty-seven months on each of Counts Four and Six, all such terms to run concurrently.

_X_ The court makes the following recommendations to the Bureau of Prisons:
    _X_ Confinement at FCI Coleman.
    _X_ The Court recommends that the defendant complete vocational training.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    __ before 2 p.m. on .
    _X_ as notified by the United States Marshal.
    __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy Marshal

Defendant:   SHANAKIA BENTON                                   Judgment - Page 3 of 6
Case No.:    8:16-cr-41-T-24AEP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**. This term consists of a three year term as to Counts Four and Six, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

X    The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:   SHANAKIA BENTON                                                        Judgment - Page 4 of 6
Case No.:    8:16-cr-41-T-24AEP

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating herself for any major purchases without approval of the probation officer.

X   The defendant shall provide the probation officer access to any requested financial information.

Defendant: SHANAKIA BENTON  
Case No.: 8:16-cr-41-T-24AEP  
Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine   | Total Restitution |
|--------|------------|--------|-------------------|
| Totals: | $200.00    | Waived | $77,239.19        |

— The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

— If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| IRS RAC<br>Attn: Mailstop 6261<br>Criminal Restitution<br>333 W. Pershing Ave<br>Kansas City, Missouri 64108 |  | $77,239.19 |  |
| Payable to the:<br>Clerk of U.S. District Court<br>c/o Debt Collection<br>401 West Central Blvd.<br>Orlando, Florida 32801<br>(For distribution of victims) |  |  |  |
| Totals: |  | $77,239.19 |  |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: SHANAKIA BENTON | Judgment - Page 6 of 6 |
| Case No.: 8:16-cr-41-T-24AEP | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ 200.00 due immediately, balance due

    ___ not later than _____, or

    ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties: While in Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if she has a non-Unicor job or (2) pay at least 50% of her monthly earnings if she has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of at least $150 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

See the attached order of forfeiture (Doc. 29) which is incorporated into this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:16-cr-41-T-24AEP

SHANAKIA BENTON

### FORFEITURE MONEY JUDGMENT

The United States moves pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, for a forfeiture money judgment against the defendant in the amount of $77,239.19, representing the amount of proceeds she obtained as a result of the wire fraud scheme charged in Count Six of the Indictment.

The defendant pleaded guilty to a wire fraud scheme, in violation of 18 U.S.C. § 1343 as charged in Count Six of the Indictment, and the Court accepted her plea and adjudged her guilty. Being fully advised of the relevant facts, the Court finds that the defendant obtained $77,239.19 in proceeds from the wire fraud scheme.

Accordingly, it is **ORDERED** that the motion of the United States is GRANTED.

It is FURTHER **ORDERED** that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), the defendant is jointly and severally liable with her co-conspirators upon their conviction for the wire fraud scheme charged in Count Six.

Pursuant to Rule 32.2(b)(4) and the defendant's Plea Agreement (Doc. 20, p. 7), this order of forfeiture is final as to the defendant.

The Court retains jurisdiction to complete the forfeiture and disposition of any property belonging to the defendant that the government is entitled to seek under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), as a substitute asset to satisfy the defendant's money judgment.

**DONE** and **ORDERED** in Tampa, Florida, on _9th_ May, 2016.

_____
SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties/Counsel of Record

2